**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cosmetic Alchemy, LLC, | No. CV10-1045-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| Loving Lotus, | |
| Defendant. | |

Plaintiff filed an action for breach of contract against Defendant on May 13, 2010. After Defendant failed to answer, Plaintiff moved for entry of default. The Clerk entered default on August 6, 2010. Thereafter, Plaintiff filed a Motion for Entry of Default Judgment seeking a declaration that Defendant breached its contract with Plaintiff, permanently enjoining Defendant from further sales of Plaintiff's product, attorneys' fees and compensatory damages. This Court referred the evidentiary hearing on the issue of compensatory damages to the Magistrate Judge. An evidentiary hearing was held on October 27, 2010. At the conclusion of the hearing the Magistrate Judge requested a post-hearing brief regarding Plaintiff's damages calculations. The brief was filed November 24, 2010. Thereafter, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge concluded that the Plaintiff had failed to demonstrate its entitlement to recover Defendant's profits as compensatory damages for Defendant's breach of contract and had

1  presented no other claim for damages other than for Defendant's profits. The Magistrate
2  Judge also concluded that if he accepted Plaintiff's argument that it was entitled to recover
3  Defendant's profits as its damages the calculation used by the Plaintiff was too speculative.
4  The Magistrate Judge recommended that Plaintiff's request for compensatory damages of
5  $78,981.53 be denied.

6  Plaintiff filed objections to the Report and Recommendation of the Magistrate Judge
7  and continues to assert that it should recover as compensatory damages for Defendant's
8  breach of contract a total net revenue of $78,981.53 that Defendant realized from its
9  unauthorized internet sales of the products it purchased from Plaintiff.

10 The Court has conducted a *de novo* review of the record in this case. The Court has
11 read the hearing transcript of October 27, 2010, has reviewed the seven exhibits admitted
12 into evidence, has considered Plaintiff's post-hearing brief regarding Plaintiff's damages
13 calculations and Plaintiff's objections to the Magistrate Judge's Report and Recommendation.
14 Plaintiff's objections will be overruled. The Court agrees with the Magistrate Judge that
15 Plaintiff has failed to prove an amount of damages for Defendant's breach of contract, that
16 the use of an estimation of net revenue from Defendant's sales of Plaintiff's product does not
17 represent an estimate of Plaintiff's financial loss, if any, as a result of these internet sales and
18 that Plaintiff's assumptions that all sales were made on the internet and for an average price
19 of $103.99 per unit are purely speculative.

20 As the Magistrate Judge noted, there is no authority for ordering disgorgement of
21 profits or of net revenue as a penalty for breach of contract. While cases cited by Plaintiff
22 may hold that the breaching parties' lost profits may be a fair estimation of a Plaintiff's lost
23 profits, there is no claim here that Plaintiff has lost profits as a result of Defendant's
24 unauthorized internet sales. Plaintiff's managing member, Scott Wasserman, explained the
25 legitimate reasons why Plaintiff prohibited its resellers and distributors from internet sales.
26 However, he did not provide any methodology for the Court to determine whether Plaintiff
27 sustained monetary damage by Defendant's unauthorized internet sales. Arguably, there
28 could have been losses or expenses incurred in connection with this breach of contract

1 beyond Plaintiff's attorneys' fees. But no such evidence was presented. Plaintiff rested 2 exclusively on its claim that the appropriate remedy for Defendant's breach of contract should 3 be the recovery by Plaintiff of Defendant's net revenue. The Court agrees with the Magistrate 4 Judge that this is not a proper measure of damages for breach of contract. Moreover, the 5 assumptions upon which the calculations are based are speculative. Plaintiff assumed that 6 each and every product was sold over the internet when there is no evidence to support such 7 a claim, used an average sales figure, and assumed that there were no legitimate retail sales 8 of the product. Therefore;

9 IT IS ORDERED overruling the objections to the Magistrate Judge's Report and 10 Recommendations.

11 IT IS FURTHER ORDERED adopting the Report and Recommendation of the 12 Magistrate Judge as the Order of this Court with respect compensatory damages.

13 IT IS FURTHER ORDERED directing the Clerk to enter judgment as follows:

14 In favor of Plaintiff Cosmetic Alchemy, LLC and against Defendant Loving Lotus as 15 follows:

16 1. Declaring that Loving Lotus breached it contract with Plaintiff Cosmetic Alchemy, 17 LLC;

18 2. Permanently enjoining Loving Lotus including its officers, directors, employees 19 and agents from any further sales of LiLash or LiBrow, including specifically any further 20 sales on E-Bay; and

21 3. Awarding Plaintiff Cosmetic Alchemy, LLC its attorneys' fees incurred in the 22 prosecution of this matter pursuant to A.R.S. § 12-341.01 together with costs of suit.

24 DATED this 27th day of January, 2011.

_____
Susan R. Bolton
United States District Judge

- 3 -